## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| RICHELLE WECKERLY, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>SYSTEM ONE HOLDINGS, LLC,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Richelle Weckerly (Weckerly) brings this lawsuit against System One Holdings, LLC (System One) for failing to pay overtime as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2. Weckerly and the Putative Class Members (as defined below) regularly worked more than 40 hours in a week.

3. But System One did not pay these workers overtime for hours worked in excess of 40 hours in a single workweek as required by the FLSA.

4. Instead, System One paid these workers the same hourly rate for all hours worked, including those in excess of 40 in a workweek (straight time for overtime).

5. Weckerly and the Putative Class Members never received a guaranteed salary.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because System One maintains its headquarters in this District and Division.

9. Specifically, System One maintains its headquarters in Pittsburgh, PA and conducts a significant portion of its business in this District.

## THE PARTIES

10. Weckerly worked for System One as a Senior Cost Controller from approximately October 2016 until May 2019.

11. Weckerly's written consent is attached as Exhibit A.

12. Throughout Weckerly's employment with System One, System One paid her straight time for overtime.

13. Weckerly brings this action on behalf of herself and all other similarly situated workers who were paid by System One's straight time for overtime pay scheme.

14. System One paid each of these workers the same hourly rate for all hours worked, including those in excess of 40 hours in a single workweek, in violation of the FLSA.

15. The class of similarly situated employees sought to be certified is defined as follows:

**All employees of System One who were paid the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime") at any time in the last 3 years (Putative Class Members).**

16. Defendants **System One Engineering, Inc.** is an Ohio corporation doing business throughout the United States, including Tennessee. System One may be served with process by serving its registered agent: **Cogency Global, Inc., 850 New Burton Road, Suite 201, Dover, DE 19904**.

2

## COVERAGE UNDER THE FLSA

17. At all relevant times, System One was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all relevant times, System One was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all relevant times, System One was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

20. At all relevant times, System One had an annual gross volume of sales made in excess of $1,000,000.

21. At all relevant times, Weckerly and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## THE FACTS

22. System One is one of the largest staffing firms in the United States serving the energy, industrial, engineering, information technology, professional, commercial, healthcare, scientific, and legal fields.[1]

23. System One has more than 8,000 employees and consultants from more than 50 offices and hundreds of client locations.[2]

---

[1] https://www.systemoneservices.com/system-one-story/ (last visited January 17, 2020).
[2] *Id.*

24. To complete its business objectives, System One hires personnel, such as Weckerly, to staff to its clients.

25. Many of these individuals worked for System One and were paid under System One's straight time for overtime pay scheme.

26. These straight time for overtime workers make up the proposed Putative Class.

27. For example, Weckerly worked for System One as a Senior Cost Controller from approximately October 2016 until May 2019.

28. Throughout her employment, System One paid her the same hourly rate for all hours worked, including those in excess of 40 in a single workweek.

29. For example, in the pay period beginning on October 8, 2019 and ending on October 14, 2019, Wecklerly worked 60 hours. But System One paid her the same rate ($50) for all of these hours:

| Earnings | rate | hours | this period |
|---|---|---|---|
| Regular | 50.0000 | 40.00 | 2,000.00 |
| Overtime | 50.0000 | 20.00 | 1,000.00 |
| Holiday | | | |
| Pto Taken | | | |
| **Gross Pay** | | | **$3,000.00** |

30. Weckerly and the Putative Class Members were required to adhere to System One (or its clients') policies and procedures.

31. Weckerly and the Putative Class Members did not receive a salary.

32. Indeed, Weckerly's offer letter from System One did not guarantee her a salary.

33. If Weckerly or the Putative Class Members worked fewer than 40 hours in a week, they were only paid for the hours worked.

34. Weckerly and the Putative Class Members regularly worked over 40 hours in a week.

35. In fact, Weckerly routinely worked 45 to 50 hours per week.

36. Weckerly's schedule is typical of the Putative Class Members.

37. Instead of paying overtime, System One paid Weckerly and the Putative Class Members the same hourly rate for the hours he worked over 40 in a work week.

38. Weckerly and the Putative Class Members worked in accordance with the schedule set by System One and/or its clients.

39. The hours Weckerly and the Putative Class Members worked are reflected in System One's records.

40. Rather than receiving time and half as required by the FLSA, Weckerly and the Putative Class Members only received "straight time" pay for the hours they worked in excess of 40 in a workweek.

41. System One's "straight time for overtime" payment scheme violates the FLSA because it deprives Weckerly and the Putative Class Members of overtime at a rate of 1 ½ their regular rates for the hours they work in excess of 40 hours in a single workweek.

42. System One knew Weckerly and the Putative Class Members worked more than 40 hours a week.

43. System One knew, or showed reckless disregard for whether, the Putative Class Members were entitled to overtime under the FLSA.

44. Nonetheless, System One did not pay Weckerly and the Putative Class Members overtime as required by the FLSA.

45. System One knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

46. The illegal "straight time for overtime" pay practice that System One imposed on Weckerly was likewise imposed on the Putative Class Members.

47. Dozens of individuals were victimized by System One's pattern, practice, and policy which is in willful violation of the FLSA.

48. Numerous other individuals who worked with Weckerly indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

49. Based on her experiences and tenure with System One, Weckerly is aware that System One's illegal practices were imposed on the Putative Class Members.

50. The Putative Class Members were all not afforded overtime compensation when they worked in excess of 40 hours in a week.

51. System One's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

52. Weckerly's experiences are therefore typical of the experiences of the Putative Class Members.

53. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

54. Weckerly has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Weckerly has an interest in obtaining the unpaid overtime wages owed to her under state and/or federal law.

55. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

56. Absent this action, many Putative Class Members likely will not obtain redress of their injuries, and System One will reap the unjust benefits of violating the FLSA.

57. Furthermore, even if some of the Putative Class Members could afford individual litigation against System One, it would be unduly burdensome to the judicial system.

58. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

59. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members.

60. Among the common questions of law and fact are:

   a. Whether System One's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

   b. Whether System One's violation of the FLSA was willful; and

   c. Whether System One's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

61. Weckerly's claims are typical of the claims of the Putative Class Members.

62. Weckerly and the Putative Class Members sustained damages arising out of System One's illegal and uniform employment policy.

63. Weckerly knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

64. Even if the issue of damages were somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## CAUSE OF ACTION
## VIOLATIONS OF THE FLSA

65. Weckerly brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

66. System One violated, and is violating, the FLSA by failing to pay Weckerly and the Putative Class Members overtime.

67. System One cannot demonstrate Weckerly and the Putative Class Members are exempt from overtime under the administrative exemption.

68. System One cannot demonstrate Weckerly and the Putative Class Members are exempt from overtime under the executive exemption.

69. System One cannot demonstrate Weckerly and the Putative Class Members are exempt from overtime under the professional exemption.

70. System One cannot demonstrate Weckerly and the Putative Class Members are exempt from overtime under the highly compensated exemption.

71. System One failed to guarantee the Plaintiff and Putative Class Members a salary.

72. System One failed to pay the Plaintiff and Putative Class Members overtime at the rates required by the FLSA.

73. System One paid the Plaintiff and Putative Class Members straight time for overtime.

74. System One knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

75. System One's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

76. Accordingly, Weckerly and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

77. Weckerly hereby demands a trial by jury.

## PRAYER

Weckerly prays for relief as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding System One liable for unpaid back wages due to Weckerly and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
   **Michael A. Josephson**
   PA Bar No. 308410
   **Andrew W. Dunlap**
   TX Bar No. 24078444
   **Taylor A. Jones**
   TX Bar No. 24107823
   (*pro hac vice application forthcoming*)
   **JOSEPHSON DUNLAP**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile
   mjosephson@mybackwages.com
   adunlap@mybackwages.com
   tjones@mybackwages.com

   **AND**

**Richard J. (Rex) Burch**
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

**Joshua P. Geist**
PA ID No. 85745
**GOODRICH & GEIST PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
412-766-1455 – Telephone
412-766-0300 – Facsimile
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**